PER CURIAM.
This is an appeal from an order on a petition for modification of a final decree of separate maintenance.
The appellant, wife, who had obtained a final decree of separate maintenance, on June 30, 19S4 from the appellee, husband, filed a petition for modification of the decree, and asked for a substantial increase in the amounts previously awarded to herself and to the minor children; to require the husband to provide her with a suitable automobile; to require the husband to make certain repairs to the marital domicile; to require the husband to provide and maintain adequate and reasonable insurance for the protection of the wife and minor children, and to require the husband to pay a reasonable attorney’s fee to plaintiff’s attorneys.
After the final hearing the trial court, deciding that an increase in the amount of child support payments was necessary, increased the award of support and maintenance for the two minor children from $40.00 per week to $65.00 per week and denied all other relief requested by the petition. The wife has appealed from this order. The husband did not file a cross appeal.
An examination of the original final decree of June 30, 1954 discloses that it made no provisions wherein the husband was required to provide the wife with an automobile, or to carry or maintain insurance *386 for the protection of the wife and two children.
Merely because the wife might have had an automobile at the time of the separation decree, does not necessarily require the husband to furnish her one thereafter. A modification of a decree of separate maintenance is dependent upon “need or necessity” of the wife, and not her convenience. The Chancellor did not find any “need or necessity” to furnish the wife an automobile, in either the original Final Decree, or in the Final Order on the Petition for Modification.
Furthermore, there is nothing in the law that requires a husband, or father, to take out insurance for the benefit of either the wife or his children. The original Final Decree did not impose this obligation upon the husband and the Chancellor apparently found no “need or necessity” to require it in his Final Order on the Petition for Modification.
A careful examination of the record before us shows no abuse of discretion or error in denying the wife’s request for an automobile and for insurance for the protection of herself and minor children.
The original Final Decree gave to the wife the exclusive possession and use of the property which she seeks to have repaired at the expense of the husband. In addition, the Final Decree contained the following paragraph concerning the marital domicile:
******
“(10) In view of the inherent fluctuations in the defendant’s income, and in further view of the necessity of maintaining an adequate home, support and surroundings for the benefit of the plaintiff, and of the children of the parties, jurisdiction is expressly retained for the purpose of modifying or increasing the alimony and support monies to be paid by the defendant under this Decree, upon proper applica-
tion of the interested parties when change of circumstances may so warrant.”
* * * * * *
We believe the court erred when it failed' to require the husband to make any repairs-to the marital domicile and that upon remand the chancellor should require the-husband to maintain the home in a reasonable and adequate manner, with the exception of normal wear and tear.
The wife next contends that she should1, be awarded reasonable attorney’s fees for services rendered to her by her attorneys-in the trial court and before this court.
There was no claim in this cause that the husband was not complying with the-terms of the final decree. The complaint,, in essence, simply alleged that the husband’s ability to pay had increased andl that the needs of the wife and minor children had also increased. This was not therefore a petition by the wife to enforce a final decree under Section 65.16 Florida Statutes, F.S.A. This was a petition to-“increase or add to” the requirements of a final decree of separate maintenance for the-benefit and support of the wife.
The wife1 contends that the cases which are cited under Section 65.16 should not apply, as all of those cases apply only to-“divorced persons” and that the law which states that attorney’s fees are payable to-the ex-wife for enforcing or defending an alimony award, but not for attacking or modifying it, does not apply herein. See Gullette v. Ochoa, Fla.App.1958, 104 So.2d 799. She contends that the parties are still married in this matter, and that therefore, under the provisions of Section 65.09 Florida Statutes, F.S.A., the wife should be entitled to attorney’s fees as though this were simply a continuation of the original action in which she did receive attorney’s fees.
It is fundamental that attorney’s fees can be awarded to a successful Iiti-
*387 gant only where the parties have contracted for attorney’s fees or where a statute provides for such attorney’s fees.
There is no specific statute which provides for attorney’s fees in an action for a petition for modification of a final order of separate maintenance. The case of Dill-man v. Dillman, Fla.App.1958, 195 So.2d 33, stated:
“It is the duty of this court solely to interpret and apply acts of the Legislature and not to create new legislation, nor to correct, amend or complete acts of the Legislature so as to relieve hardship cases or supply relief in similar instances which the Legislature overlooked.”
We therefore are of the opinion that, inasmuch as there is no specific statute awarding a wife attorney’s fees for services rendered in a petition to increase or add to her benefits under a decree of separate maintenance, the trial court was eminently correct in its decision.
The wife’s final contention, that the trial court was in error when it refused to permit the wife to introduce evidence showing the actual value of the husband’s stock interests in two closely held corporations, has merit.
The law in this state provides that income alone is not necessarily the basis upon which an award for alimony may be fixed. In addition to income, consideration must also be given to the extent and value of the husband’s capital assets. Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Simon v. Simon, Fla.App.1962, 137 So.2d 613; Terry v. Terry, Fla.App.1961, 126 So.2d 890; Dworkis v. Dworkis, Fla. App.1959, 111 So.2d 70, 72 A.L.R.2d 1189.
If the income, or capital assets, of the husband have increased since the date of the final decree; and if there is a need and necessity for the wife to receive an award increasing the amount of the support payments, then these matters should be properly considered by the trial court in arriving at its decision. The wife should have the opportunity to present to the trial court the value of the husband’s capital assets and should not be restricted to the “book value” of stock owned by the husband.
The decision of the trial court is therefore affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings consistent herewith.