279 So.2d 863 (1973)
Ellen Rochelle BOSEM, Petitioner,
v.
Arie Lionel BOSEM, Respondent.
No. 43230.
Supreme Court of Florida.
July 5, 1973.
Rehearing Denied September 20, 1973.
Jos. D. Farish, Jr., of Farish & Farish, West Palm Beach, and Miller & Podell, Miami Beach, for petitioner.
Marion E. Sibley and Irving B. Levenson of Sibley, Giblin, Levenson & Ward, Miami Beach, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of *864 Appeal, Third District, (269 So.2d 758), which conflicts with a decision of another District Court of Appeal (Riley v. Riley, 131 So.2d 491 (Fla.App.1st, 1961)) on the same point of law. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
The cause arose from a divorce between the parties and is concerned with the financial provisions of the final judgment of divorce and the effect of the decision of the District Court of Appeal on those provisions.
The divorce was awarded the wife, Ellen Rochelle Bosem, who is petitioner here. She was awarded custody of the two minor children of the parties. The trial judge awarded to Mrs. Bosem periodic alimony of $1,500 per month; support for the two minor children of $500 per month for each child; and, lump sum alimony in the amount of $100,000, to be paid in four equal installments. In addition, Mr. Bosem was required to pay all future medical and dental expenses of the wife and children, to pay all private and religious schooling of the children, and to maintain a life insurance policy of $100,000 for the benefit of the children until they reach their majority or are emancipated. An award of $85,000 for the services of Mrs. Bosem's attorneys was also made.
The District Court of Appeal reversed or altered several of the provisions of the divorce judgment, and all of the changes are contested before this Court.
First, the District Court found that the award of $100,000 in the form of lump sum alimony to Mrs. Bosem in addition to substantial periodic alimony represented an abuse of discretion on the part of the trial judge. We cannot agree. Fla. Stat. § 61.08, F.S.A. (1969), provides:
"In every judgment of divorce in an action by the wife, the court shall make such orders about maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given therefor, as from the circumstances of the parties and nature of the case is equitable ... In any award of permanent alimony the court has jurisdiction to order periodic payments or payment in lump sum or both."
The trial judge had wide discretion, as trier of the facts, to determine what alimony arrangement would be most equitable. He had before him the financial statements of both parties, and the record of the parties' relationship. He found that Mr. Bosem had a net worth of over $2,210,000, and an annual income of over $100,000, and that Mrs. Bosem's sole assets were $30,000 in securities, clothing, furs and jewelry worth a few thousand dollars and a house encumbered by a $40,000 mortgage. He found further that the equities were with Mrs. Bosem and that Mr. Bosem had been guilty of extreme cruelty and adultery. There was also evidence, expressly relied upon by the District Court, that Mr. Bosem spent $50,000 per year on himself and his mistress.
We are unable to agree with the District Court of Appeal that the trial judge abused his discretion in allowing both lump sum and periodic alimony, or that he erred in the amounts allowed.
The District Court of Appeal also approved the educational and medical benefits provisions of the divorce judgment, but limited the educational benefits to the children's minority, and limited the payment of medical bills to "other than usual and minor medical bills." 269 So.2d 758. We agree with the District Court that both awards are reasonable, and further agree that the limitations placed upon the awards represent reasonable interpretations of the trial judge's order.
The District Court of Appeal held that the trial judge was without power to require that Mr. Bosem maintain a life insurance policy insuring his life for a sum not less than $100,000 payable to the minor *865 children until they reach majority or are emancipated. The District Court held that such a requirement
"[A]mounts to a provision for the payment of child support after the death of the father. Such provisions are often a part of property settlement agreements but they may not be imposed by the trial judge." Bosem v. Bosem, 269 So.2d 758, p. 763, (Fla.App.3d, 1972).
The District Court relies on Fleming v. Fleming, 177 So.2d 384 (Fla.App.3d, 1965), as authority for the proposition that the trial judge is not empowered to require that the divorced father take out life insurance on his life to guarantee that the children will receive the support to which the chancellor has found them entitled. However, Fleming v. Fleming, supra, holds only that
"A careful examination of the record before us shows no abuse of discretion or error in denying the wife's request for ... insurance for the protection of herself and minor children." 177 So.2d 384, p. 386.
In Fleming v. Fleming, supra, the District Court of Appeal, Third District, recognized and respected the wide discretion afforded the trial judge in a divorce case in awarding alimony and child support. It did not set forth a rule which would bar trial judges from ordering that the father provide security in the form of life insurance in a proper case, such as the same appellate court attempts to establish in the case sub judice.
This Court has only reached the issue of requiring the husband to maintain a life insurance policy for the benefit of his minor children in one case which we have been able to discover. Lindley v. Lindley, 84 So.2d 17 (Fla. 1955). In Lindley v. Lindley, supra, this Court did not approve or disapprove of such a requirement, but merely held such a requirement inequitable as applied to the facts of that case.
The District Court of Appeal, First District, has specifically held that such insurance requirements to provide security for payment of support and maintenance are within the power of the chancellor. Riley v. Riley, supra. The District Court of Appeal, Third District, the appellate court below in the case sub judice, has recognized that the chancellor may have such a power in Putman v. Putman, 154 So.2d 717 (Fla.App.3d, 1963), where it stated:
"Normally, alimony terminates upon the death of the former husband. Although it might have been proper for the chancellor to have required the appellee [as the father of the minor child] to maintain this insurance program with the child as the beneficiary [in this connection see Riley v. Riley, 131 So.2d 491 (Fla.App.1st, 1961)], he appears to have been in error in requiring that the insurance be maintained with the appellant as the first beneficiary." (Emphasis supplied) 154 So.2d 717, p. 720.
The applicable law at the time the divorce action was commenced is found in Fla. Stat. § 61.13, F.S.A. (1969), which provides:
"In any action for divorce or alimony, the court has power at any stage of the action to make such orders about the care, custody and maintenance of the children of the marriage, and what security, if any, is to be given therefor, as from the circumstances of the parties and the nature of the case is equitable."
Such language is broad and can easily include the requirement that, as security for the support of his minor children in the event of his death, a divorced father maintain a life insurance policy on his life for the benefit of his children until such time as they reach majority. This is what the trial judge has required, and we cannot agree with the District Court of Appeal that he is not empowered to make such a requirement. Nor can we find that, in light of the circumstances of the case sub *866 judice, such a requirement constitutes an abuse of the trial judge's discretion.
At least three other states have considered this issue and have upheld the power of the chancellor in a divorce suit to place such a requirement on the father. Allison v. Allison, 188 Kan. 593, 363 P.2d 795 (1961); Franklin Life Insurance Co. v. Kitchens, 249 Cal. App.2d 623, 57 Cal. Rptr. 652 (1967); and, Foregger v. Foregger, 40 Wis.2d 632, 162 N.W.2d 553 (1969).
Finally, the District Court of Appeal held that the award of $85,000 for the services of the wife's attorneys in the divorce was excessive. They acknowledged that the $85,000 amount did not exceed the amount recommended by attorneys who testified in behalf of the wife, but added that such testimony was not uncontradicted. However, the District Court held that the award was an abuse of discretion on the part of the trial judge, relying heavily upon a deposition of Mrs. Bosem on her financial arrangement with her attorneys. The District Court lowered the attorneys' fees to $45,000.
The District Court of Appeal indicated that Mrs. Bosem's attorneys expended some 836 hours in preparation for and in presenting her case, 68 1/2 of which were spent in the taking of depositions or in court. We cannot agree with the District Court that an allowance of an average of slightly over $100 per hour for legal services represented an abuse of the broad discretion vested in the trial judge in a case as complex and demanding upon an attorney as the case sub judice. Having carefully reviewed the other reasoning of the District Court in this regard, we remain unconvinced that the trial judge exceeded his authority or abused his discretion in making the award. We would affirm the trial judge on this issue.
Accordingly, the decision of the district Court of Appeal, Third District, is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
CARLTON, C.J., and McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.