364 So.2d 97 (1978)
Shelia McCallum, Appellant,
v.
Rodney H. McCallum, Appellee.
No. 77-2309.
District Court of Appeal of Florida, Fourth District.
November 15, 1978.
Karl F. Loucks, II, of Scott, Burk, Royce, Harris & Loucks, P.A., Palm Beach, for appellant.
Walter N. Colbath, Jr., of Campbell, Colbath, Kapner & Fine, West Palm Beach, for appellee.
PER CURIAM.
This appeal involves the denial of the appellant/wife's request for attorneys' fees in a post-decretal domestic relations matter. The marriage was dissolved by final judgment of January 20, 1976. Subsequent thereto the wife filed a petition for modification but did not include in said petition a request for attorneys' fees. The Court ruled on the petition for modification by order of April 4, 1977, and on August 5, 1977, the appellant/wife filed a motion to tax attorneys' fees and costs. The motion for attorneys' fees was filed after the rehearing and appeal time had run on the order entered granting the petition for modification. The trial court eventually dismissed the wife's request for attorneys' fees with prejudice. We find the trial court to have been completely correct in doing so. See, Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976), and Reardon v. Reardon, 355 So.2d 207 (Fla. 1st DCA 1978). Appellant argues that a reservation of jurisdiction regarding attorneys' fees was contained in the initial final judgment and that this reservation requires a different result. This argument is without merit since the reservation in the initial final judgment *98 related to past attorneys' fees rather than future attorneys' fees. Indeed, attorneys' fees were eventually taxed for the services rendered on the securing of the final judgment of dissolution. The fees in question here relate to post-decretal matters only, and the absence of a request for the fees left the Court without jurisdiction to order same. The order below is therefore affirmed.
LETTS, MOORE and BERANEK, JJ., concur.