390 So.2d 787 (1980)
Norman C. JACKSON, Appellant,
v.
Evelyn M. JACKSON, Appellee.
Nos. PP-96, TT-309.
District Court of Appeal of Florida, First District.
December 2, 1980.
*788 George E. Day, Fort Walton Beach, for appellant.
Michael Wm. Mead, of Middleton & Mead, Fort Walton Beach, for appellee.
SHIVERS, Judge.
Appellant husband appeals part of a final judgment of dissolution holding that under Florida's version of the Uniform Child Custody Jurisdiction Act, Florida has no jurisdiction over the parties' child. Appellee wife cross-appeals the trial court's order denying her motion for attorney fees.
The husband, in his appeal, contends that the trial court erred in finding Florida was not the home state of the child since the residence of a wife and child follows that of the husband; that the trial court erred by denying husband due process and equal protection under the Fourteenth Amendment to the Constitution of the United States; and that the trial court erred in failing to order a home study of both parents. The wife in her cross-appeal contends the trial court erred in holding it had no jurisdiction to make an attorney's fee award.
We affirm.
Appellant, a member of the Air Force and a Florida resident, married appellee in South Dakota in 1974. Since the parties' marriage, the husband has been in the military service. His permanent record shows Fort Walton Beach, Florida, is his home and he is registered to vote in Florida. In 1976, the wife registered to vote in Florida.
In February 1978, while the appellee and the child remained in Minnesota with the wife's mother, appellant was transferred to Korea, returning in February 1979 to appellee and the child in Minnesota and then traveling by himself to his new assignment *789 at Patrick Air Force base in Florida. In May 1979, appellee refused to move to Florida. During that month, husband went to Minnesota and while he, the wife and the child were at a shopping mall, the husband, without notice to wife, took the child with him back to Florida. The same month, husband petitioned in Florida for dissolution of the marriage and custody of the child. The child had not lived in Florida until the husband brought the child to Florida a few days before filing his petition for dissolution and custody.
The trial court granted dissolution after appellee's default, but held that Florida lacked jurisdiction of the child. The trial court found that the State of Minnesota has a closer connection than Florida with the child since significant evidence concerning the child's care, protection and personal relationships is more readily available in Minnesota. The wife moved for dismissal of the husband's petition for rehearing on grounds the court lacked jurisdiction and asked for attorney fees in dealing with that motion as well as appellee's travel expenses in defending against the motion for rehearing. The trial court granted the wife's motion to dismiss. Subsequently, the trial court denied the wife's motion for attorney fees, holding it had lost jurisdiction of the case by not reserving the question because the final order was already pending on appeal.
In 1977, Florida enacted the Uniform Child Custody Jurisdiction Act (§§ 61.1302-61.1348). One of the purposes of the Uniform Child Custody Jurisdiction Act, as stated in § 61.1304(3), is to:
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
The pertinent parts of § 61.1308[1] concerning jurisdiction provide that Florida courts have jurisdiction if:
(a) 1. Florida is the home state when the proceedings commence; or
2. Florida has been the home state within 6 months before the action.
(b) It is in the best interest of the child because:

*790 a. The child and at least one parent has significant connection with this state;
b. There is available in Florida substantial evidence concerning the child's present and future care, protection, training and personal relationships.
c. The child is physically present in this state and has been abandoned or the child requires protection; or
d. No other state has jurisdiction under (a), (b) or (c) above or another state has declined to exercise jurisdiction because Florida is the more appropriate forum; and it is in the child's best interest that Florida assume jurisdiction.
Home state is defined in § 61.1306(5), Fla. Stat. (1977),[2] as the state in which the child, immediately before the time involved, lived for at least 6 months.
§ 61.132, Fla. Stat. (1977) mandates that the first pleading in a custody proceeding inform the court where the child has lived within the last 5 years. Appellant father's declaration showed that the child: lived in Biloxi, Mississippi, with appellant and appellee from its birth on March 20, 1975, until January 1978; lived in Minnesota with appellee mother or with appellee and the child's grandmother or with appellee and mother's friend from February 1978 to May 1979; and in Florida with appellant father from May 1979 until June 1979. The child was residing in Florida with the father at the time of the final hearing on June 25, 1979.
The trial court did not err in finding Florida was not the home state of the child. The child had not lived in Florida for six months before commencement of the proceedings.
Appellant contends that § 61.1306, Fla. Stat. (1977) discriminates against appellant, a military service member, by denying a father the right to establish domicile for his wife and children in violation of the due process and equal protection provisions of the United States Constitution. We disagree. The statute does not prevent a father from establishing the legal residence or legal domicile of his child.
The fact that Florida might be the child's legal residence or legal domicile does not necessarily mean that the child has "lived in" the State of Florida for six months as the statute defines "home state" for custody jurisdiction.
Since the child lived in Minnesota for over 14 months before being brought to Florida, the trial court did not err in finding that Minnesota has a closer connection than Florida with the child.
Since the husband testified as to the wife's misconduct and neglect of the child, the trial court could have assumed jurisdiction under the statute if it concluded that the child was neglected or that it was to the best interests of the child or that it was necessary in an emergency to protect the child. The trial court, although it had the discretion under § 61.1304(3), supra, declined the exercise of jurisdiction when it found the child and its family had a closer connection with another state. We do not find the trial court abused its discretion and affirm its judgment denying jurisdiction over the child. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Prior to final judgment, the wife filed motion for attorney fees. Since the trial court failed to reserve jurisdiction on the question of fees, the chancellor lacked jurisdiction to enter an order awarding attorney fees after the judgment became final. See Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976).
*791 We remand to the trial court to determine whether to award an attorney's fee to the wife's attorney for his appellate services, after consideration of the parties' relative financial needs and abilities. Fla.R. App.P. 9.400(b).
ERVIN and LARRY G. SMITH, JJ., concur.
NOTES
[1] Section 61.1308, Florida Statutes (1977):

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
[2] Section 61.1306(5), Florida Statutes (1977):

As used in this act:
.....
(5) "Home state" means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months [or], in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period.