463 So.2d 448 (1985)
Vincent P. MIRAGLIA, Petitioner,
v.
The Honorable Dwight L. GEIGER, Circuit Judge of the Nineteenth Judicial Circuit, Respondent.
No. 84-2460.
District Court of Appeal of Florida, Fourth District.
February 6, 1985.
Rehearing Denied March 5, 1985.
James J. Butler and Martha C. Warner, Stuart, for petitioner.
*449 Joan Fowler Rossin, Dept. of Legal Affairs, West Palm Beach, for respondent.
PER CURIAM.
Petitioner seeks to prohibit the trial court from proceeding to consider the wife's motion to award her attorney's fees in a post-judgment domestic relations case. The petitioner contends the trial court had no jurisdiction to consider the motion because the order determining the various issues of custody, possession of property, visitation, etc., had become final and the order contained no reservation of jurisdiction to determine the question of attorney's fees. Under these circumstances the cases are clear that the trial court loses jurisdiction to consider an application for an allowance of attorney's fees. Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976).
The trial court denied petitioner's motion to strike respondent's motion for allowance of attorney's fees, thus indicating its intention to proceed in excess of its jurisdiction, which justifies our issuance of a writ of prohibition. See Haft-Gaines Company v. Reddick, 350 So.2d 818 (Fla. 4th DCA 1977).
Accordingly, Writ of Prohibition is issued and the trial court is prohibited from proceeding further in this cause on the motion for allowance of attorney's fee for the wife.
DOWNEY and GLICKSTEIN, JJ., con cur.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting:
I would deny the petition for writ of prohibition for procedural reasons. In my view, the petitioner has an appropriate and adequate legal remedy through plenary appeal and, thus, prohibition is inappropriate. See English v. McCrary, 348 So.2d 293 (Fla. 1977).