483 So.2d 455 (1986)
Sidney LEVY, Appellant,
v.
Lynn D. LEVY and Sams, Ward, Newman, Elser & Lovell, P.A., Appellees.
No. 85-1521.
District Court of Appeal of Florida, Third District.
February 4, 1986.
Rehearing Denied March 10, 1986.
*456 Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill and Dale F. Webner, Tampa, for appellant.
Sams, Ward, Newman, Elser & Lovell, and Frank Newman, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The ex-husband appeals from a June 12, 1985 order awarding $50,000, less $14,000 already paid in temporary fees, for both the pre- and post-final judgment services of the wife's attorneys. We affirm.

I
The appellant first claims that the trial court lacked jurisdiction to award fees for the extensive post-judgment efforts of counsel in the interpretation and enforcement of the final judgment[1] because the trial court did not specifically reserve jurisdiction to do so in the post-judgment orders themselves. See Miraglia v. Geiger, 463 So.2d 448 (Fla. 4th DCA 1985). On the singular facts of this case, we are compelled to disagree. The January 5, 1983 final judgment
reserves jurisdiction to hear and consider all matters relative to attorneys' fees and costs and . .. to enforce the provision of this Final Judgment and the Agreements which are incorporated herein by reference.
In contrast to the case upon which the appellants heavily rely, McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978),[2] this reservation did not relate only to "past attorneys' fees rather than future attorneys' fees." More important, again unlike McCallum in which the trial court "spent" whatever jurisdiction was retained in the final judgment by subsequently making a specific award for pre-judgment services, the trial court in this case made no such award until the order now on appeal  which, as we have seen, assessed fees for both classes of services. Thus, the unqualified reservation of jurisdiction in the final judgment remained entirely extant. Finally, in further distinction with McCallum, the continuing nature of the final judgment's reservation and its application to post-decretal services were specifically recognized and, indeed, independently established by a September 2, 1983 order granting $4,000 in temporary fees for just those activities, which stated that the sum
shall be accredited toward any final judgment for attorneys fees awarded to wife in these proceedings.
We think it clear that the viability of the reservation in the final judgment, confirmed and reasserted as it was by the order of September 2, 1983, provided ample jurisdictional authority for the trial court to assess fees for all the services rendered the wife below. See § 61.16, Fla. Stat. (1983); Jackson v. Seder, 467 So.2d 422 (Fla. 4th DCA 1985).

II
Although, in view of the unrebutted expert testimony which supports the *457 award, Levy claims no error in the assessment of $50,000 as a reasonable fee for counsel's services,[3] he does argue that the award may not exceed and therefore should be reduced to the admittedly lower amount which the wife contracted to pay the lawyers on an hourly basis.[4] Again, we disagree. Consistent with one of the underlying principles upon which fees are allowed at all in domestic cases, that is, to equalize the otherwise disparate financial abilities of the respective spouses to retain counsel, Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980); Bailey v. Bailey, 392 So.2d 49, 52 (Fla. 3d DCA 1981); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981); and cases cited; accord Seitz v. Seitz, 471 So.2d 612, 615 (Fla. 3d DCA 1985), it has been consistently recognized that a reasonable fee, as awarded against the husband, is not limited to the almost necessarily lower amount to which the wife has agreed in accordance with her ability to do so. The supreme court so held in Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), which at 279 So.2d 866 specifically reversed this court's contrary indication in Bosem v. Bosem, 269 So.2d 758 (Fla. 3d DCA 1972); the common understanding to this effect is embodied in fee agreements such as the one in this very case,[5] which almost universally so provide. Levy claims, however, that a different result is compelled by the statement in the recently decided case of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985),[6] that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." For two reasons, we find no merit in this argument.
1. For the very reasons we have outlined, it is apparent that at least this aspect of the Rowe case,[7] which involved statutory fees awarded to the successful party in a malpractice case, can have no application in the domestic context: since fees are awarded just because one party cannot afford them as well as the other, the liability of the wealthy party cannot be limited to the exposure of the impecunious one. This conclusion is reenforced by the fact that the opinion in Rowe did not even refer to Bosem, much less overrule it as would be required for us to disregard the controlling effect of that decision. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); see State ex rel. Garland v. City of West Palm Beach, 141 Fla. 244, 247, 193 So. 297, 298 (1940). That Rowe did not affect Bosem is demonstrated also by its reliance for the proposition in question upon Trustees of Cameron-Brown v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980), which is strongly urged by the appellant as well. But Tavormina, pointedly citing Bosem itself, states on its face that:
We expressly limit our holding to those instances in which two contracts exist: One between the parties, and one between a party and his counsel. We exempt from our consideration the awarding of fees by statutory authority which embodies public policy considerations not pertinent hereto. [e.s.] Cf. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), rev'g 269 So.2d 758 (Fla. 3d DCA 1972).
385 So.2d at 731.
2. Even if the supreme court were arguendo to decide otherwise on the merits *458 of the issue, it is plain that any such holding could not affect this case. To apply the newly announced rule in Rowe would invalidate the provisions of the fee agreement in question  which were then fully enforceable under Bosem  that the attorneys' rights against the husband were not limited to those provided by the fee arrangement with the wife.[8] Such a result is precluded by the rule that a judicially effected change in the law may not be retroactively applied to impair vested rights. Florida Forest and Park Service v. Strickland, 154 Fla. 472, 477, 18 So.2d 251, 253 (1944); Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980), pet. for review denied, 399 So.2d 1141 (Fla. 1981).

III
The appellant's remaining point, which concerns the effect of the parties' settlement agreement upon Levy's liability for post-judgment fees, has been foreclosed by Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985).
Affirmed.
NOTES
[1] The services are reflected in part by our decision in Levy v. Levy, 451 So.2d 893 (Fla. 3d DCA 1984).
[2] In McCallum, the court held that the trial judge had lost jurisdiction to order post-decretal attorneys' fees, stating in part as follows:

Appellant argues that a reservation of jurisdiction regarding attorneys' fees was contained in the initial final judgment and that this reservation requires a different result. This argument is without merit since the reservation in the initial final judgment related to past attorneys' fees rather than future attorneys' fees. Indeed, attorneys' fees were eventually taxed for the services rendered on the securing of the final judgment of dissolution.
364 So.2d at 97-98.
[3] See infra note 6.
[4] The letter agreement provided for hourly rates of $250 and $150 respectively for the two attorneys who were to represent Mrs. Levy. It went on to provide:

We will bill you monthly for these services. We will attempt to recover fees from your husband;
.....
Any fees awarded by the Court will be credited against the sums due from you. Any excess awarded by the Court would be retained by us. [emphasis supplied]
[5] See supra note 4.
[6] Levy's brief does not argue that the $50,000 award was erroneous under the "lodestar" method of computing attorneys' fees embodied in Rowe, which was decided after the fee hearing below. Hence, we do not decide whether the "lodestar" process is applicable to domestic cases like this or, if it is, what the appropriate "multipliers" or "dividers" might be.
[7] See supra note 6.
[8] See supra note 4. If the law is otherwise, as we think it is not, all such agreements would simply provide that the wife is obliged to pay her attorney a "reasonable fee," which would never be less than the one assessed against the husband.