498 So.2d 493 (1986)
Kenneth ALSTON, Appellant,
v.
SUNDECK PRODUCTS, INC., and Sun Surfaces, Inc., Etc., Appellees.
No. 85-233.
District Court of Appeal of Florida, Fourth District.
November 5, 1986.
Rehearing Denied December 23, 1986.
*494 Glen Rafkin of Young, Stern & Tannenbaum, P.A., North Miami Beach, for appellant.
Richard M. Birnbaum, Fort Lauderdale and Barbara Compiani for Edna L. Caruso, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from an award of attorney's fees incidental to civil contempt proceedings. We reverse.
Appellees sued appellant and Sun-Crete of Florida, Inc., in the Circuit Court of Broward County for breach of contract, for stealing trade secrets and for tortious interference with prospective business relationships. A preliminary injunction was entered prohibiting appellant from disclosing, disseminating, or using any of the confidential information and trade secrets obtained from appellees. The trial court subsequently determined that appellant had violated the injunction and entered a judgment finding appellant in contempt and imposing a civil fine of $330,000. In addition, the court retained jurisdiction to assess attorney's fees and costs against appellant. While an appeal from the aforesaid judgment was pending, the trial court held a hearing on appellees' application for attorney's fees and costs and awarded appellees $110,000 attorney's fees and $10,065.56 costs. That award is the subject of this non-final appeal. Four points have been presented by appellant (Sun-Crete of Florida having withdrawn from this appeal), three of which we find require reversal.
Appellant's first point suggests that the attorney's fee and cost award must be reversed and remanded because the amount of the compensatory fine contained in the judgment of contempt has been reversed by this court and, thus, the attorney's fee, which in some measure was based on a consideration of the fine, must also be reversed and remanded. Although numerous factors are involved in the makeup of an attorney's fee award, the amount of the fine levied in this case was certainly one of them. Aristeck Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984); Taco Nacho v. Hasty House Restaurants, Inc., 436 So.2d 403 (Fla. 1st DCA 1983).
Appellant also contends that the fee awarded must be reversed because it greatly exceeds the fee agreed upon by appellees and their counsel. The evidence below reflects that appellees had an agreement with their counsel that they would be paid a specific amount per hour. Based upon that rate, and the total hours spent on the case, the fee owed by appellees was $35,975. The recent case of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), set out a formula for determining an award of reasonable attorney's fees when the prevailing party is entitled by statute to such fees. We believe Rowe is applicable here. The appellant contends that Rowe also stands for the proposition that in no case should the courtawarded fee exceed that agreement. We cannot agree. Although there is a statement to that effect in Rowe, we believe that statement, considered in context, is limited to the opinion's discussion of contingency fees. The Rowe formula for assessing attorney's fees specifically contemplates as a factor for *495 consideration, whether there is a fixed or contingent fee agreement between the party and his lawyer. We recognize that the existence of a fixed fee arrangement is an important factor to be considered, since such an arrangement will usually constitute the best evidence of the reasonable value of the attorney's services. However, under Rowe the trial court is not absolutely bound to simply apply the agreement to determine the fee to be awarded. Cf. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973).
The final point requiring comment is appellant's contention that the trial court erred in failing to express on the record his specific findings regarding the hourly rate, the number of hours expended and any appropriate enhancement or reduction factors as required by Rowe. See also Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986). Appellees contend that, since Rowe was decided several months after the trial court order involved herein, it is not applicable. This argument is erroneous because cases on appeal are to be decided in accordance with the decisional law and rules in effect at the time of the appellate consideration, even though there has been a change since the trial court decision. Lowe v. Price, 437 So.2d 142 (Fla. 1983). Thus, on remand the trial court should follow the dictates of Rowe in assessing the attorney's fees, including a consideration, as provided by Rowe, that there was a fixed fee agreement involved herein.
In view of the foregoing, we reverse the order appealed from and remand the cause for a redetermination of the amount of attorney's fees and costs in the light of the ultimate judgment yet to be entered and further instruct the trial court to follow the format dictated in Rowe. We also certify the following as a question of great public importance:
IN DETERMINING THE AMOUNT OF A REASONABLE ATTORNEY'S FEE TO BE ASSESSED AGAINST A THIRD PARTY, IS THE TRIAL COURT LIMITED BY THE FEE AGREEMENT BETWEEN THE CLIENT AND HIS ATTORNEY?
DOWNEY, ANSTEAD and STONE, JJ., concur.