500 So.2d 723 (1987)
Ann L. WINTERBOTHAM, Appellant,
v.
George S. WINTERBOTHAM, Appellee.
George S. Winterbotham, Appellant,
v.
Ann L. Winterbotham, Appellee.
Nos. 85-1327, 85-2163 and 86-147.
District Court of Appeal of Florida, Second District.
January 7, 1987.
*724 Ann Loughridge Kerr, Tampa, for Ann L. Winterbotham.
David A. Maney and A. Ann Arledge of Maney, Damsker & Arledge, Tampa, for George S. Winterbotham.
CAMPBELL, Judge.
In these consolidated appeals, wife seeks review of the final judgment of dissolution of marriage citing as error an abuse of discretion by the trial judge in awarding inadequate permanent periodic alimony and in failing to award lump sum alimony. Husband seeks review of the trial court's order granting wife's motion for modification which ordered husband to pay wife additional lump sum alimony. Husband also argues that the trial court erred in awarding wife attorney's fees and costs. We find merit and reverse only in regard to husband's argument regarding the award of attorney's fees to wife. We affirm in all other aspects.
Husband argues that wife should not have been awarded any attorney's fees or costs as she had sufficient assets of her own. Alternatively, he argues that the attorney's fee award should not have exceeded the amount that wife contractually obligated herself to pay her attorneys. We agree with husband's latter argument that, in this case, wife's fees should not have exceeded her contractual liability. In doing so, we are in conflict with Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA 1986).
In Levy, our colleagues of the Third District Court of Appeal, while apparently recognizing that some aspects of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) applied to domestic cases, specifically disapproved the practice of limiting fee awards to the amount stated in the attorney-client contract. The Levy court, in reaching its decision, reasoned that the supreme court in Rowe failed to mention or overrule Bosem v. Bosem, 279 So.2d 863 (Fla. 1973). Prior to Rowe, Bosem stood for the proposition that an award of attorney's fees to the needy spouse in a dissolution was not limited to the amount of the needy spouse's contractual attorney's fee arrangement. We conclude that Bosem has been modified by Rowe and that, in this case, Rowe should have been applied so as to limit the fee award to wife to an amount that does not exceed her fee arrangement.
There has been no showing in this case that wife was required to fee-bargain with her attorney from an inferior financial position which resulted in an otherwise unreasonably low fee arrangement. Where no such inadequate bargaining position resulting in an artificially low contractual arrangement is demonstrated, Rowe should apply and "the court-awarded fee" should not "exceed the fee agreement reached by the attorney and his client." Rowe at 1151. This court has previously held that Rowe is applicable to domestic relations cases. Moore v. Moore, 491 So.2d 1214 (Fla. 2d DCA 1986); Lyons v. Lyons, 486 So.2d 77 (Fla. 2d DCA 1986); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
*725 Admittedly, the holding in Rowe, establishing that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client" (Rowe, 472 So.2d at 1151), arose in a discussion by the court of the impact of contingent fee agreements on the reasonableness of a fee to be determined by an awarding court. The Rowe court, however, directed the courts of this state to utilize the criteria set forth in Disciplinary Rule 2-106(B) of the Florida Bar Code of Professional Responsibility in determining reasonable attorney's fees. Rowe at 1151. See also Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986).
The contingent fee discussion in Rowe came about because the eighth factor established by the Code in determining reasonable attorney's fees is "whether the fee is fixed or contingent." Thus, it seems only logical to us if the parties have established a fee that is fixed rather than contingent, an award should not exceed that agreed-upon fee unless other factors established by the Code outweigh that agreement. In this case, none of those factors have been shown to have any significant impact on the award as to cause the fixed fee arrangement to be ignored. Alston.
We therefore reverse only insofar as the fee awarded wife's attorney exceeds that which would be proper under the contract between the wife and her attorney. On remand, the court shall enter an award of attorney's fees consistent with this opinion. In all other respects, the judgment and order appealed from are affirmed, including the award of costs.
RYDER, A.C.J., and SCHOONOVER, JJ., concur.