553 So.2d 1275 (1989)
Carolyn FAUST, Appellant,
v.
Frederic L. FAUST, Appellee.
No. 89-522.
District Court of Appeal of Florida, First District.
November 28, 1989.
Rehearing Denied January 9, 1990.
*1276 Joseph R. Boyd and William H. Branch of Boyd and Branch, Tallahassee, for appellant.
John D. Carlson, of Gatlin, Woods, Carlson and Cowdery, Tallahassee, for appellee.
PER CURIAM.
The wife in this dissolution of marriage proceeding appeals the trial court's order on remand assessing the amount of appellate attorney fees to be awarded her, contending that the trial court abused its discretion by limiting the award to the amount she had contractually obligated herself to pay her attorneys, instead of the amount the trial court determined to be a reasonable fee. We reverse.
In Faust v. Faust, 505 So.2d 606 (Fla. 1st DCA 1987), we reversed the dissolution judgment and remanded to the trial court with orders to revisit the dispositional scheme fashioned by it. By separate order, we provisionally granted the wife's motion for appellate attorney fees, remanding for assessment of the amount in accordance with the rationale of Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977). The only challenge here is to the trial court's assessment of the appellate attorney fee award.
The expert testimony established a reasonable fee in a range from $2950 to $7750. A letter to the wife from her attorney regarding the appellate fee arrangement stated that her liability for fees incurred on appeal would be limited to $1500. The letter further stated, "Should the court reward recovery on fees and costs as provided under Florida from your former husband, we are authorized to collect these from him." The wife and her attorney testified that this arrangement was intended to assist her to afford an appeal in light of her circumstances.
The trial judge determined that a reasonable number of hours and hourly rate for prosecuting the appeal was forty hours at $95 per hour enhanced by a factor of two, or $7600. The court did not award this amount, however, finding:
Petitioner and her attorney had an agreement that her liability for payment to her attorney for the appeal would not exceed $1,500.00. To require Respondent to be responsible for more would not be fair under the circumstances of this case.
The wife relies on Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), for the principle that an attorney fee award in a marriage dissolution action is not limited to the amount of the fee agreement between the party seeking fees and his/her attorney. She recognizes there is conflict among the district courts with respect to whether Bosem has been modified by Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
In Rowe, which involved the award of a reasonable attorney fee to the prevailing party in a medical malpractice action, the supreme court adopted the federal "lodestar" method of computing reasonable attorney fees: the lodestar figure, computed by multiplying the reasonable number of hours by a reasonable hourly rate, may then be adjusted by the "contingency risk" factor and the "results obtained" factor.[1] In discussing the contingency risk factor, the court held that when the attorney is working under a contingent fee contract, the lodestar figure may be enhanced by an appropriate multiplier in the range from 1.5 *1277 to 3, depending on the likelihood of success at the outset.[2] The supreme court warned that the contingency fee agreement does not control the award, "otherwise, the courts would find themselves as instruments of enforcement, as against third parties, of excessive fee contracts," and further, that "in no case should the court-awarded fee exceed the fee agreement." Id. at 1151.
In Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), rev. den., 492 So.2d 1333 (Fla. 1986), the district court found that Bosem had not been modified by Rowe. The wife's agreement with her attorneys included an hourly rate for each attorney, and a provision that they would attempt to recover fees from her husband and that any fees awarded by the court would be credited against the sums due from her, but that any excess awarded by the court would be retained by the attorneys. The husband did not contest the trial court's assessment of $50,000 as a reasonable attorney fee, but argued that the award may not exceed the admittedly lower amount which the wife contracted to pay the attorneys on an hourly basis, citing Rowe.
The district court noted that the principle underlying attorney fee awards in domestic cases is "to equalize the disparate financial abilities of the respective spouses to retain counsel,"[3] that the courts have consistently recognized that a reasonable fee in such cases is not limited to the "almost necessarily lower amount to which the wife has agreed in accordance with her ability to do so," and that this common understanding is embodied in fee arrangements such as the one at issue in Levy. The court relied on Bosem, and rejected the husband's contention that Rowe compels a different result, finding not only that Rowe did not overrule or even refer to Bosem, but also that Rowe relied on Trustees of Cameron-Brown Inv. Group v. Tavormina, 385 So.2d 728, 731 (Fla. 3d DCA 1980), a contract case which cited Bosem when it limited its holding by exempting from consideration "the awarding of fees by statutory authority which embodies public policy considerations not pertinent hereto."[4]
In Winterbotham v. Winterbotham, 500 So.2d 723, 725 (Fla. 2d DCA 1987), the district court, recognizing conflict with Levy, noted that the fee agreement limitation established in Rowe arose in discussion of contingency fee agreements, but stated that "it seems only logical to us if the parties have established a fee that is fixed rather than contingent, an award should not exceed that agreed-upon fee unless other factors established by the Code outweigh that agreement."[5] The court found that there had been no showing that the wife "was required to fee-bargain with her attorney from an inferior financial position which resulted in an otherwise unreasonably low fee arrangement," and reversed the attorney fee award. Id. at 724.
The wife in the case at issue urges us to adopt the rationale of Levy, but argues that it is clear under either case that there is no absolute prohibition from awarding a fee exceeding the agreement. The husband argues that the trial court's discretionary ruling setting the amount of a reasonable *1278 fee should not be disturbed, and that the fee award is controlled by the wife's agreement to pay her appellate counsel up to $1500 for the appeal, citing Rowe. He asserts that her construction of the contract as enabling a greater recovery implies a contingency fee for the results obtained, and is repugnant to the public policy of this state since contingency fees are expressly prohibited in domestic cases, citing Hill v. Hill, 415 So.2d 20 (Fla. 1982). He notes that Winterbotham, which he asserts is the more well-reasoned decision and is more consistent with the public policy of this state, was cited with approval in Tucker v. Tucker, 513 So.2d 733 (Fla. 2d DCA 1987).[6]
In Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), the supreme court expressly recognized the underlying rationale for an award of attorney fees in dissolution proceedings: "[T]he purpose of section 61.16, Florida Statutes, was to ensure that both parties will have similar ability to secure competent legal counsel." Given this rationale, we find that Rowe requires the trial court to determine the amount of a party's reasonable attorney fee in a marriage dissolution proceeding using the lodestar method, but that it is not appropriate in such proceedings to then adjust the lodestar figure because of a "contingency risk" factor or a "results obtained" factor, for the reasons discussed in this opinion and in Hoopes v. Hoopes, 525 So.2d 1015, 1016 (Fla. 4th DCA 1988).[7] We observe that the trial court in a marriage dissolution proceeding has the further obligation under Dresser to determine what portion of one party's attorney fee should be paid by the other party because of a disparity in their respective abilities to pay attorney fees.
In the case at issue, the trial court's order that the husband pay the wife's entire contractual liability for appellate attorney fees implies a finding that she is unable to pay any portion of the fee. We find, however, that the trial court incorrectly assessed the amount of the fee. The court erred first in applying an enhancement factor to the lodestar figure it computed using reasonable hours and rate. Hoopes. It also erred in limiting the fee to the wife's agreement with her attorneys, under either Levy or Winterbotham, because the uncontroverted evidence showed that she "was required to fee-bargain with her attorney from an inferior financial position which resulted in an otherwise unreasonably low fee arrangement." 500 So.2d at 724.
We certify to the supreme court, as a matter of great public importance, the following question:
Whether Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), restricts the award of attorney fees in a marriage dissolution proceeding to the amount contractually agreed upon by the party seeking the award and his/her attorneys, given the rationale underlying the award of attorney fees in dissolution cases recognized in Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), "to ensure that both parties will have similar ability to secure competent legal counsel," and the disparate interpretations of Rowe given by the district courts in Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), rev. den., 492 So.2d 1333 (Fla. 1986); Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987); and Hoopes v. Hoopes, 525 So.2d 1015 (Fla. 4th DCA 1988).
*1279 The attorney fee award is REVERSED and the case is REMANDED to the trial court for entry of an order awarding the wife $3800 in appellate attorney fees, to be paid by the husband.
ERVIN, JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The "results obtained" factor may reduce the attorney fee where the party seeking fees has prevailed on one or more, but not all claims for relief. This factor is not relevant in dissolution of marriage proceedings, because the attorney fee in such cases is awarded to the spouse who does not have the ability to pay, not to the "prevailing party."
[2] A contingency risk factor of two indicates that the court finds the likelihood of success was approximately even at the outset.
[3] In Nichols v. Nichols, 519 So.2d 620 (Fla. 1988), the supreme court recognized this underlying rationale for the award of attorney fees in marriage dissolution cases.
[4] The Levy court also rejected the husband's contention because it found that the application of Rowe is "precluded by the rule that a judicially effected change in the law may not be retroactively applied to impair vested rights." 483 So.2d at 458. In Miami Children's Hospital v. Tamayo, 529 So.2d 667, 668 (Fla. 1988), the supreme court rejected a similar contention in a medical malpractice action, holding that "all factors contained in Rowe apply whenever the lodestar approach applies," but noted that Levy "is a domestic relations case which is distinguishable by its nature and circumstances."
[5] In Perez-Borroto v. Brea, 544 So.2d 1022, 1023 (Fla. 1989), a medical malpractice case, the supreme court found that a noncontingent fee agreement limited the attorney fee award, emphasizing again that "all the factors contained in Rowe apply whenever the lodestar approach applies." The court noted, however, that this holding "is not intended to control the special problems in domestic cases," citing Winterbotham and Levy.
[6] In Tucker, the court cited its holding in Winterbotham that Rowe applies in dissolution cases, but the questions at issue in Tucker were the attorney's failure to provide actual time records and the trial court's failure to make specific determinations as to a reasonable hourly rate or the reasonableness of the hours asserted, not whether the Rowe fee agreement limitation applied.
[7] In Hoopes, the court found that Rowe applies in dissolution cases, but that the "contingency risk factor" is not to be applied "because contingent fee arrangements in domestic relation matters are generally deemed unethical," citing Hill v. Hill, 415 So.2d 20 (Fla. 1982), and Florida Bar Rule 4-1.5(D)(3)(a) (1987). The court also stated that the "results obtained" factor "was positive rather than negative on the facts of this case." It is unclear what this latter statement was intended to convey, except that the lodestar figure would not be reduced in that case.