PER CURIAM.
Robert Brake appeals a final judgment awarding attorney’s fees. We reverse.
Brake was counsel for Wilma Corwin, formerly known as Wilma Sotolongo, in a matrimonial matter. At the conclusion of the litigation, the court heard the application for assessment of attorney's fees against former husband Raul Sotolongo, appellee here, pursuant to section 61.16, Florida Statutes (1989). The general master ruled that the award of attorney’s fees could not exceed the hourly rate agreed on between Brake and his client Wilma Corwin, the former wife. Based on the rule announced in Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla.1986), we reverse and remand for further proceedings. We conclude that Levy remains good law and, contrary to the former husband’s contention, has not been overruled sub silentio by Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). See also Perez-Borroto v. Brea, 544 So.2d 1022, 1023 (Fla. 1989).* We therefore reverse and remand for a new hearing consistent with the principles announced in Levy.
Reversed and remanded.
ON SUGGESTION OF DIRECT CONFLICT
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
The appellee’s suggestion of direct conflict is granted. Conflict is certified between the instant case and Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review de *1000 nied, 492 So.2d 1333 (Fla.1986), on the one hand, and Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987) on the other.

The second district takes a somewhat different view. See Winterbotham v. Winterbotham, 500 So.2d 723, 724 (Fla. 2d DCA 1987). We adhere to our prior precedent on the point.