616 So.2d 413 (1992)
Raul R. SOTOLONGO, Petitioner,
v.
Robert M. BRAKE, Respondent.
No. 78752.
Supreme Court of Florida.
October 8, 1992.
Rehearing Denied December 18, 1992.
Jorge F. Gaviria, Coral Gables, for petitioner.
Robert M. Brake, Coral Gables, for respondent.
PER CURIAM.
We have for review Brake v. Sotolongo, 588 So.2d 999 (Fla. 3d DCA 1991), which certified conflict with Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Attorney Robert M. Brake was hired by the ex-wife through her employer-sponsored prepaid legal services plan. The contract price was $60.00 per hour. Brake was hired to represent the ex-wife in a child support modification proceeding. At the conclusion of the case, a general master recommended that Brake's fee be taxed against the ex-husband at the $60.00 contract rate. The trial court agreed and entered judgment accordingly.
On appeal, the Third District reversed based on its earlier holding in Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA 1986). The Levy court had held that women "almost necessarily" must agree to pay their attorneys lower fees, and that these fee agreements can be exceeded when the court orders the husband to pay attorneys fees. Id. at 457. However, the district court noted the inconsistent holding of Winterbotham, which had held that the contracted rate of legal fees prevails unless the wife shows she bargained for legal fees from an inferior position. Winterbotham, 500 So.2d at 724. In effect, the Second and Third Districts disagree as to which party bears the burden of proving the wife's financially inferior position.
The parties invite us to consider whether there may be some circumstances under which the fee agreement made by the wife can be exceeded, as suggested by our opinion in Bosem v. Bosem, 279 So.2d 863, 866 (Fla. 1973). We believe there can be no question that a general prepaid legal services contract of the type at issue here[1] *414 should be presumed to be reasonable. By accepting a fee schedule of this type, an attorney necessarily agrees that the fee is customary and reasonable as to all persons included in the employer-sponsored prepaid legal services plan. The contract attorney thus is not entitled to a compensation over and above the amount specified in the legal services contract.
However, we do believe there would be some situations in which a court could enhance the fee other than this type of prepaid legal services contract. Specifically, if a spouse alleges facts establishing that the fee was below the customary and reasonable rate charged for similarly situated clients[2] because of that spouse's inferior economic status, then the burden shifts to the other spouse to disprove the allegation. The failure to disprove the allegation would justify the trial court in enhancing the fee to compensate for the reduction below the customary and reasonable rate.
We quash the opinion below and distinguish Levy, which did not involve a legal-services agreement. The opinion in Winterbotham is approved solely to the extent it is consistent with our views above. The fee award approved by the trial court is reinstated, although we do not necessarily accept the reasoning of the general master's report.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] That is, a contract provided as an employee's fringe benefit.
[2] People are similarly situated if their cases involve generally the same issues, no matter what their financial status. Persons belonging to a legal-services plan are similarly situated when using the plan's services.