667 So.2d 456 (1996)
Alvin Lester SITOMER, Appellant/Cross-Appellee,
v.
FIRST OF AMERICA BANK-CENTRAL, Appellee/Cross-Appellant.
No. 94-3651.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
James A. Herb of Herb & Mednick, Boca Raton, for appellant/cross-appellee.
*457 James D. Camp, Jr., of Camp & Camp, P.A., Fort Lauderdale, for appellee/cross-appellant.
POLEN, Judge.
Alvin Sitomer appeals an order granting him $60,000.00 for administering the estate of Harold Good. We affirm, finding Mr. Sitomer's award reasonable compensation under section 733.6171, Florida Statutes (1993).
Alvin Sitomer was the attorney for the deceased Harold Good, and personal representative of his estate. Before Mr. Good passed away, he had established a revocable trust in Lansing, Michigan worth approximately twenty-five million dollars. In addition, he maintained Florida assets amounting to $104,000.00. For administering Mr. Good's estate, Mr. Sitomer requested compensation under section 733.6171, Florida Statutes, in the amount of $265,236.57. The matter came before the trial court for final hearing, where the court ordered a $60,000.00 award. The court designated $30,000.00 for potential liability and special facts, and the remaining $30,000.00 for hours expended.
In determining compensation, the trial court applied section 733.6171, Florida Statutes (1993), entitled Compensation of Attorney for the Personal Representative. Section one of this statute states:
Attorneys for personal representatives shall be entitled to reasonable compensation for their services payable from the assets of the estate without court order.
Absent agreement of the parties, compensation for the personal representative can be determined in accordance with section 733.6171(3) and (4) which provides:
(3) Ordinary compensation consisting of the sum of the following two parts is presumed to be reasonable compensation for attorneys in estate administration.
(a) The first part compensates the attorney's responsibility and is an amount equal to 2 percent of the inventory value of the estate assets and the income earned by the estate during the administration and, if the estate is required to file an estate tax return, an additional 1 percent on the balance of the gross estate as finally determined for federal estate tax purposes.
(b) The second part compensates the professional time expended and is an amount equal to the product of the number of hours reasonably expended, and a reasonable hourly rate for the attorney and for persons with special education, training, or experience, who are employed by and work under the supervision of the attorney and have furnished services in the estate administration.
(4) Upon petition of any interested person, the court may increase or decrease the ordinary compensation of the attorney or award of compensation for extraordinary services if the facts and circumstances of the particular administration warrant. In determining reasonable compensation, the court shall consider all of the following factors giving such weight to each as it may determine to be appropriate:
(a) The promptness, efficiency, and skill with which the administration was handled by the attorney.
(b) The responsibilities assumed by, and potential liabilities of the attorney.
(c) The nature and value of the assets that are affected by the decedent's death.
(d) The benefits or detriments resulting to the estate or its beneficiaries from the attorney's services.
(e) The complexity or simplicity of the administration and the novelty of issues presented.
(f) The attorney's participation in tax planning for the estate and the estate's beneficiaries and tax return preparations or review or approval.
(g) The nature of the probate, nonprobate, and exempt assets, and the expenses of administration and liabilities of the decedent and the compensation paid to other professionals and fiduciaries.
(h) Any delay in payment of the compensation after the services were furnished.
(i) Any other relevant factors.
We reject Mr. Sitomer's contention that the trial court is required, under the statute, to enter detailed findings which illustrate the mathematical formula set out in the statute. The statute's only requirement is that attorneys receive reasonable compensation. *458 Beyond that, there is only a presumption that an attorney's fee based on a percentage of the estate is reasonable. In this case, that calculation would result in a fee of $265,236.57. The trial court would then be within its discretion to increase or decrease the fee award in accordance with the factors set forth in subsection (4).
We believe that Mr. Sitomer's award of $60,000.00 was a reasonable amount of compensation under the statute. It would be difficult to imagine that the $265,236.57 Mr. Sitomer claimed would constitute reasonable compensation when the only asset administered in Florida was a time share unit valued at $104,000.00. The final order shows the court interpreted the section to require a reasonable fee award and the court used the factors in subsection (4) as tools to decrease the award from the amount claimed by Mr. Sitomer, and in compliance with the statute. The record shows the court heard testimony from expert witnesses about the amount of time required to handle this estate and the amount of skill needed. These witnesses testified that approximately one hundred hours would be a reasonable amount of time expended by Mr. Sitomer, at a rate of three hundred dollars an hour.[1] Moreover, the court heard testimony regarding the assets of the estate (including the Michigan trust), and the potential liability that Mr. Sitomer was exposed to as a result of handling this case. The court then determined that $30,000.00 was reasonable compensation for the magnitude of the estate and Mr. Sitomer's potential liability. Based on this evidence, we find no abuse of discretion. Because of our construction of the statute we need not address the bank's cross-appeal that the statute would be otherwise unconstitutional if applied in the manner advanced by Mr. Sitomer.
AFFIRMED.
STONE and PARIENTE, JJ., concur.
NOTES
[1] For the court to award the amount claimed by Mr. Sitomer, it would translate to an hourly rate of $2,625 per hour!