POLEN, Judge.
In these consolidated appeals First of America Bank-Central, trustee of a trust established by Harold C. Good, appeals two orders requiring First of America to pay $66,645 in attorneys fees to Herb & Medniek, the law firm representing Alvin Sitomer, Esquire, the attorney/personal representative of Mr. Good’s Estate, in Sitomer’s litigation to recover an attorney’s fee for himself. We reverse the orders.
The parties were previously before this court in Sitomer v. First of America Bank-Central, 667 So.2d 456 (Fla. 4th DCA 1996) (Sitomer I), where we affirmed an award of $60,000 to Sitomer as a reasonable attorney’s fee in connection with his administration of the Florida assets contained in the estate of Mr. Good. In the final judgment affirmed in Sitomer, the trial court expressly stated Si-tomer waived any right to a personal representative’s fee. Therefore, the $60,000 award consisted solely of an attorney’s fee. While the appeal in Sitomer I remained pending, the trial court determined Herb & Medniek were entitled to an award of attorneys fees pursuant to section 733.6171(7), Florida Statutes (1993), for their representation of Sitomer in his litigation to secure an attorney’s fee, and entered the orders First of America now appeals.
Initially, we reject Herb & Mednick’s suggestion the title of the order awarding the firm a fee should control our disposition of the issue on appeal. The order is entitled: “Order on Petition for Award of Attorney’s Fees to Attorney for Personal Representative.” Herb & Medniek argue they are entitled to a fee as the attorney for the personal representative of the estate, implicitly asking us to overlook the fact Herb & Medniek represented Sitomer and obtained the fee award solely in his capacity as attorney for the estate, and not in his capacity as personal representative of the estate. We place little significance in the order’s title. The order we affirmed in Sitomer I plainly states Si-tomer waived any fee for services as personal representative of the Good Estate. Therefore, the order now on appeal awards fees to Herb & Medniek for their representation of Sitomer in his claim seeking an attorney’s fee from the estate.
There can be no dispute Sitomer was free to obtain separate counsel to represent him in his effort to secure an attorney’s fee from the estate. The issue is rather from what source Herb & Mednick’s fees will be paid. If Sitomer undertook to pay Herb & Medniek from his own funds, or if Sitomer’s attorneys agreed to accept a percentage of Sitomer’s recovery, this matter might not be before us. The difficulty arises when an attorney for the attorney for the personal representative seeks his or her compensation from the estate, or as in this case, a related trust. Any such payments necessarily reduce the funds otherwise available to the beneficiaries. Moreover, as was discussed in the oral argument of this case, the scenario could be extended to an absurd degree: Herb & Medniek might now want to hire attorneys to represent their interests, and so on, and so on....
We conclude Herb & Medniek are not entitled to a payment from the estate for their representation as attorney for the attorney for the personal representative of the estate. In so concluding, we do not reach the question of whether section 733.617, Florida Statutes (Supp.1990), controls the issue of attorney’s fees against this estate, or whether the amended section 733.6171(7), Florida Statutes (1993), should be applied retroactively to Herb & Mednick’s claim for fees, *878 because we conclude under either statute Herb & Mednick are not entitled to a separate attorney fee award against the estate. Under the former statute, In re Estate of Platt, 586 So.2d 328 (Fla.1991), would preclude the award. We reject Herb & Med-nick’s argument section 733.6171(7), Florida Statutes (1993) would allow a fee, because the language of that section provides only for “fees for the personal representative’s attorney” related to court proceedings to determine compensation for that attorney. § 733.6171(7), Fla. Stat. (1993). This language does not justify the distinct award of attorney’s fees in favor of Herb & Mednick.
Lastly we note Herb & Mednick’s reliance on this court’s opinion in Bitterman v. Bitterman, 685 So.2d 861 (Fla. 4th DCA 1996), is misplaced because the trial court’s award of additional attorney’s fees to the prevailing law firm in the attorney’s fee dispute in Bitterman was based on the court’s finding the co-personal representatives of the estate waged frivolous objections to the attorney fee claim. This court noted: “With even more specificity, the court found that Boose, Casey was entitled to fees based on section 57.105, Florida Statutes, and as prevailing party in the fee dispute, awarded the firm additional fees.” Id. at 866. Because the award of fees at issue was premised on section 57.105, Bit-terman is distinguishable from the instant case.
Therefore, the orders awarding Herb & Mednick an attorney’s fee, and requiring First of America to pay that attorney’s fee are reversed and remanded for entry of a final order denying fees.
STONE and WARNER, JJ., concur.