699 So.2d 850 (1997)
Les A. KUSHNER, as Co-Personal Representative of the Estate of Siegbert Daniel, Appellant,
v.
ENGELBERG, CANTOR & LEONE, P.A., Appellee.
No. 97-1108.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
*851 Howard N. Kahn of Kramer, Green, Zuckerman & Kahn, P.A., Hollywood, for appellant.
Jerald C. Cantor of Engelberg, Cantor & Leone, P.A., Hollywood, for appellee.
PER CURIAM.
The appellant, personal representative of the estate, challenges an award of attorneys' fees to his discharged attorneys. He claims that since the trial court found that he discharged the attorneys for cause, it erred in determining the amount he owed to the attorneys. We agree that the court's calculation of the fees owed was incorrect.
After finding that the personal representative discharged the attorneys for cause, the trial court calculated the fee award by taking the amount claimed to be due pursuant to the contract between the personal representative and the attorneys, and deducting from that amount the fees that the personal representative was required to pay to complete the work on the estate. Under Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Scheller, 629 So.2d 947, 954 (Fla. 4th DCA 1993), an attorney discharged for cause is entitled to the quantum meruit value of the services rendered less any damages which the client incurred due to the attorney's conduct and discharge. See also Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366, 368 (Fla.1995). The trial court did not determine the quantum meruit value of the attorneys' services, but instead began with the amount due under the contract.
The attorneys sought a charging lien for their services. Although we agree with the personal representative that the attorneys were not entitled to a charging lien against the estate, the trial court did not award such a lien. The court ordered the personal representative to pay the fees to the attorneys, which was consistent with its treatment of the notice of charging lien as a petition for payment of attorneys' fees.
We reverse and remand for a determination of the amount due to the attorneys under quantum meruit. The parties have conceded that the trial court may make this determination based on the existing record.
WARNER, KLEIN and PARIENTE, JJ., concur.