WARNER, J.
This is an appeal of an order awarding attorney’s fees for work performed in connection with the administration of an estate. Appellant claims that the court’s findings are not supported by the evidence and that the court erred in failing to reduce the fee award by the damages the firm caused the estate. We agree and reverse.
Appellee (the “Firm”) represented the estate of Daniel Siegbert, valued at over $8,000,000 and consisting • of securities, interests in partnerships and brokerage accounts. Appellant, Kushner, a member of appellee’s firm at the time, was also appointed as a personal representative of the estate. The fee agreement provided that the personal representatives of the estate would pay appellees $150,000 and an additional $30,000 upon completion of an IRS audit of the estate’s tax return or upon receipt of a tax closing letter. It was undisputed that the Firm was paid the $150,000. During the pendency of the administration of the estate, Kushner’s affiliation with the Firm was terminated. Soon after, the estate fired the Firm for cause prior to receiving the tax closing letter. Since the majority of the work was complete, the Firm sought to ensure payment *35 by filing a charging lien, claiming it was owed $30,000 under the fee agreement.
A hearing was held on the matter at which evidence was taken as to the value of the Firm’s services. The court made findings and determined that the Firm was entitled to the remaining $30,000 due under the contract, with a deduction for fees expended to actually close the estate. In addition, the court found that the personal representatives were justified for terminating the Firm for cause. On appeal of that order, this court held that the trial court erred in its award of contractual fees because an attorney discharged for cause is only entitled to the quantum meruit value of the services rendered, less any damages caused. See Kushner v. Engelberg, Cantor & Leone, P.A., 699 So.2d 850, 851 (Fla. 4th DCA 1997) (“Kushner I”). The case was then remanded back to the trial court for a determination of the quantum meruit amount due.
The court ultimately entered an order determining the quantum meruit value of the Firm’s services. The court found that the Firm had expended 1,671 hours, but that an additional 50 hours were necessary to close the estate at the time the Firm was terminated for cause. Based on the expert testimony, the court determined that the quantum meruit value of the fee would be $334,200, and the value of the incomplete work would be figured at the rate of $200 per hour. Therefore, because the amount due to the Firm exceeded the $180,000 contract fee, the Firm could only collect on the full contract, less the $10,000 in fees necessary to complete the estate, resulting in a fee of $170,000 (meaning that the estate still owed the Firm $20,000).
Appellant contends that the record does not support the trial court’s finding that the Firm had expended 1,671 hours. The record reflects that attorney Engel-berg estimated that he spent approximately 700 hours on the estate; Slaughter, a paralegal, expended around 200 hours; Kushner worked at most 200 hours on the estate while employed by the Firm; and that additional members of the Firm spent around 40 hours on the estate. However, it is also clear that the trial court did not believe Engelberg’s testimony, as the order states “[t]he Court is convinced that the majority of the work was done by Kushner, and other staff members of the Law Firm, including a legal assistant.” Given these findings, it is impossible to find support in the record for the court’s conclusion that the Firm expended 1,671 hours on the estate.
As we stated in Kushner I, the proper basis for compensating an attorney discharged for cause is, “the quantum me-ruit value of the services rendered less any damages which the client incurred due to the attorney’s conduct and discharge.” 699 So.2d at 851. In Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366, 369 (Fla.1995), the supreme court explained that a quantum meruit award:
must take into account the actual value of the services to the client. Thus, while the time reasonably devoted to the representation and a reasonable hourly rate are factors to be considered in determining a proper quantum meruit award, the court must consider all relevant factors surrounding the professional relationship to ensure that the award is fair to both the attorney and client.
(citation omitted). The court also pointed to the factors set forth in rule 4-1.5(b) of the Rules Regulating The Florida Bar, as a “good starting point” for those considerations. Id. The court observed that in Searcy, the trial court erred as a matter of law in failing to consider the totality of the circumstances present in the case and relying only on hours and hourly rate to compute the fee. See id. Nevertheless, hours and hourly rate are the first factors to be considered. See R. Regulating Fla. Bar 4-1.5(1); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985). Indeed, “[djetermining a reasonable hourly rate for an attorney for a *36 particular type of legal service and the number of hours that should be expended by the attorney in providing those services is an appropriate starting point for the computation of a reasonable fee in estate proceedings.... ” In Re Estate of Platt, 586 So.2d 328, 335 (Fla.1991). Here, the hours and hourly rate do not support the fee awarded.
Appellee points to section 733.6171(3), Florida Statutes (1993),[1] as support for its award, noting that the percentage of the estate calculation which the statute allows as a reasonable fee would be in excess of $240,000 for an estate of this size. However, in this case the parties did not contract for the statutory fee. Their contract called for a fee substantially less. Thus, for purposes of determining a fair fee between the attorney and client in this case, we do not think the considerably larger statutory fee compels the court to determine that the lower contract fee is necessarily a fair fee to be paid under the totality of the circumstances where the parties negotiated without reference to the percentage fee. Cf. In re Estate of McQueen, 699 So.2d 747, 752 (Fla. 1st DCA 1997). Additionally, the statute sets forth only “presumed” reasonable compensation. See § 733.6171(3). It also authorizes a trial court to consider the totality of circumstances of the representation to determine reasonable compensation in any given estate. See § 733.6171(4).
We think that the trial court must look to the totality of the circumstances in awarding an appropriate fee. The trial court made a finding that much of the work done on the estate was performed by a highly skilled paralegal and by the co-personal representative. The paralegal’s time amounted to 150-200 hours, with a like amount attributed, to Kushner. At their hourly rates the hourly fee would be less than half of the contract fee. This factor must be weighed against the other factors to determine what is a fair fee. While the percentage fee is one other factor to be considered, where a firm is discharged for cause it may not necessarily be entitled to a substantial bonus over its time and effort simply because the statute allows for a significantly higher fee. These factors must all be balanced on remand.
Appellant also claims that the trial court erred in failing to reduce the fee award by the damages caused by the amount of work he had to perform after the Firm refused to complete the necessary work to close the estate. Although appellant agreed not to take a fee for his services as personal representative, an attorney who also acts as a personal representative in an estate may still be entitled to his attorney’s fees despite his waiver of compensation for acting as a personal representative. See In re Estate of Good v. Sitomer, 696 So.2d 876, 877 (Fla. 4th DCA), rev. denied, 705 So.2d 8 (Fla.1997). We therefore reverse and remand for the court to determine the amount of time reasonably spent by Kushner in his capacity as an attorney for the estate, to complete the work which should have been done under the contract with appellees.
We affirm as to the remaining issues raised by appellant.
Reversed in part; affirmed in part and remanded for further proceedings, including such further evidentiary hearings on the issue of damages as the court may deem necessary.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
ON MOTIONS FOR CLARIFICATION
WARNER, J.
Appellant and appellee have both requested clarification on the issue of dam *37 ages which the estate may claim against the appellee on remand. In its order, the trial court deducted only $10,000 for work not yet competed. As an issue on appeal, appellant claimed that the estate had damages which also included: 1) fees paid for work performed by the personal representative; 2) fees paid for services to the beneficiaries’ attorney to fight any fee request by the co-personal representative; and 3) attorney’s fees incurred in the charging lien proceedings and the appellate fees incurred in the previous appeal. In our initial opinion, we addressed only the first claim and not the remaining two.
With respect to the fees paid for services to the beneficiaries’ attorney to contest the co-personal representative’s possible fee request, there is nothing in the record to suggest that the co-personal representative ever requested a higher fee. Moreover, appellant has cited no law to convince us that appellee somehow violated his duty to the personal representative by advising the co-personal representative, whom the appellee also represented, that he may be entitled to a higher fee.
As to the fees paid with respect to the litigation over appellee’s charging lien, the original final judgment required each party to bear its own fees and costs. Since appellant did not raise this in the prior appeal, the issue is foreclosed. With respect to the estate’s appellate fees from the first appeal, those do not generally constitute recoverable damages. In Bidon v. Department of Professional Regulation, Florida Real Estate Commission, 596 So.2d 450, 452 (Fla.1992), the supreme court stated:
[ajctual or compensatory damages are those amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant’s wrongful or negligent actions. However, the general rule is that attorney’s fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery.
(Citations omitted). Appellant has not provided us with any authority showing that such fees are awardable as damages.
Appellant also claims that he should have received an evidentiary hearing on these issues. However, based upon our resolution, he is entitled to a hearing only on the claim for fees paid for work he performed as personal representative.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The appellees rely on the 1995 version of the statute. However, in this case, if the fee were calculated by statute, the 1993 statute would apply. See Bitterman v. Bitterman, 714 So.2d 356, 363-64 (Fla.1998), cert. denied, 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999).