KELLY, Judge.
Michael L. Foreman appeals the order awarding him attorney’s fees for work performed in connection with the administration of an estate. Because the trial court erroneously concluded that Foreman’s fee petition sought fees he had previously been awarded, we reverse.
In April 2002, Frances Pomer hired Foreman to represent her as co-personal representative of the estate of her husband, Sydney Pomer. Citing irreconcilable differences, Foreman withdrew as counsel on September 23, 2002. Foreman submitted a bill to Mrs. Pomer but the bill remained unpaid. Foreman was then forced to file a petition asking the trial court to award him fees for services performed by him on her behalf between June 24, 2002, and November 30, 2002.
Mrs. Pomer employed a series of attorneys after Foreman withdrew, and Foreman contends that the frequent changes in counsel thwarted his attempts to either get his bill paid or have a hearing on his petition. Eventually, however, one of Mrs. Pomer’s attorneys agreed to pay a portion of the fees Foreman sought in his petition. That agreement was memorialized in a stipulation stating that Foreman would be paid for services rendered from June 24, 2002, through his withdrawal on September 23, 2002. The stipulation also stated that Foreman reserved the right to petition for fees for services provided after September 23. The trial court approved *278 the stipulation and incorporated it into the order awarding Foreman his fees.
Foreman then filed a second petition seeking fees and costs for services rendered and costs incurred between September 23, 2002, and September 30, 2003. The petition was accompanied by detailed billing records and a request for expert witness fees. Mrs. Pomer opposed the petition on the ground that Foreman was not entitled to any fees or costs incurred after he withdrew. Foreman asserted that even after his withdrawal, he was entitled to fees for services he performed if they benefitted the estate. He also asserted that he was entitled to fees for the time he had spent trying to obtain payment for services he had rendered to the estate.
After an evidentiary hearing, the trial court found that the only fees Foreman was entitled to recover were fees incurred for time expended seeking reasonable compensation for services on behalf of the personal representative. The court rejected Foreman’s fee request for services rendered from September 30, 2002, through November 30, 2002, finding that he had received payment for those services when his first petition for fees was granted pursuant to the stipulation. The court then found that Foreman was entitled to a fee award of “$1915 that represents four hours of attorney’s time at $235 per hour, three hours of attorney’s time at $225 per hour, and two hours of paralegal time at $100 per hour.”
Foreman first argues that the trial court erred in rejecting outright his request for fees between September 30, 2002, and November 30, 2002, as duplicative. We agree. While the first fee petition did seek fees for services rendered during that time period, the stipulation provided that Foreman would only be compensated for services provided before September 23, 2002. The second petition only requested fees for services rendered after September 23, 2002. Thus, the record establishes that Foreman did not seek a “double recovery” as found by the trial court.
This error alone requires reversal of the fee award, and because it does, we need not reach Foreman’s contention that the trial court abused its discretion when it only awarded him a fraction of the fees he sought. It is not entirely clear to us how the trial court arrived at the award it made, although it does appear that the court was influenced by its conclusion that Foreman was attempting to recover twice for the same fees. For purposes of calculating the fee award on remand, we note that even though Foreman no longer represented Mrs. Pomer after September 23, the trial court determined, and appellees have acknowledged, that Foreman is entitled to recover fees incurred in his attempt to obtain compensation for services he provided that benefitted the estate. See In re Estate of Duval, 174 So.2d 580 (Fla. 2d DCA 1965); Bitterman v. Bitterman, 685 So.2d 861 (Fla. 4th DCA 1996), reversed on other grounds, 714 So.2d 356 (Fla.1998).
Foreman also claims that the trial court erred in failing to award him reasonable expert witness fees pursuant to section 733.6175(4), Florida Statutes (2003), which makes such an award mandatory if expert testimony is offered. See In re Estate of McQueen, 699 So.2d 747 (Fla. 1st DCA 1997). Foreman contends that while his expert, Carol Wood, Esquire, was paid for her services in preparing the first petition, her testimony at the hearing on the second petition was necessary to explain the billing records regarding Foreman’s attempt to collect the funds due him under the stipulation. We agree that Foreman is entitled to reasonable compensation for costs incurred in securing and preparing this witness for her testimony in this re *279 gard. See 733.6175(4). However, we cannot determine whether these costs were included in the award to Foreman. Therefore, on remand, the trial court’s order awarding fees and costs should specify the amount of the expert witness fee.
Accordingly, we reverse and remand to the trial court for entry of a written order in accordance with this opinion. A new evidentiary hearing need not be held if the court is able to enter such an order from the transcript of the fee hearing.
Reversed and remanded.
SILBERMAN and VILLANTI, JJ., Concur.