MAY, J.
 

 A law firm appeals an award of attorney’s fees for representation of its client through a prepaid legal services program. The firm argues that the trial court erred in reducing the fee to 51% of the amount presented by the expert as a reasonable fee. We agree and reverse.
 

 The personal representative of an estate was a member of prepaid legal services program. The program referred her to the law firm of Glantz & Glantz, P.A., where the personal representative retained Mark Mastrarrigo to handle estate matters.
 

 Subsequently, the personal representative wrote a letter to the court expressing her concern about the law firm’s billing, prompting the trial court to conduct an evidentiary hearing. Testimony revealed that the attorney documented 123 billable hours defending a will contest, filing and pursuing a motion to disqualify another attorney based on a conflict of interest, and working with a curator in connection with the sale of the estate’s property.
 

 Pursuant to the prepaid legal services program, the attorney charged $115 per hour, a 51% discounted rate from the normal billing rate of $225 per hour. The total charges amounted to $12,400 plus costs. The law firm submitted an affidavit from an expert attesting to the reasonableness of the fees and costs, specifically that $13,500 was a reasonable fee for the services rendered. Testimony evidenced that
 
 *713
 
 this amount was based on the discounted hourly rate and not on the normal billing rate.
 

 The court entered an order awarding the law firm fees in the amount of $6885, 51% of the $13,500 reasonable fee attested to by the expert. The court denied the law firm’s motion for rehearing, from which the law firm now appeals.
 

 We review orders on attorney’s fees for an abuse of discretion.
 
 Bitterman v. Bitterman,
 
 685 So.2d 861, 865 (Fla. 4th DCA 1996),
 
 rev’d on other grounds,
 
 714 So.2d 356 (Fla.1998);
 
 Sitomer v. First of America Bank-Central,
 
 667 So.2d 456, 458 (Fla. 4th DCA 1996). The law firm argues that the trial court abused its discretion in applying the 51% discount to the reasonable fee attested to by the expert without considering that the reasonable hourly rate had already been discounted by 51% pursuant to the prepaid legal services program. We agree.
 

 Attorneys representing probate estates are entitled to receive reasonable compensation. § 733.6171, Fla. Stat. (2007). “[A] probate court should consider the nature of the services rendered and the necessity for their performance, together with the reasonableness of the charges.”
 
 Estate of Brock,
 
 695 So.2d 714, 718 (Fla. 1st DCA 1996). Section (5) enumerates nine specific factors a court must consider in determining a reasonable fee. § 733.6171(5)(a), Fla. Stat.
 

 Here, the prepaid legal services contract rate of $115 per hour is presumed to be reasonable.
 
 See, e.g., Sotolongo v. Brake,
 
 616 So.2d 413, 413-14 (Fla.1992). The 123 hours expended is also reasonable given that the attorney testified to the services rendered by the law firm in representing the personal representative in a will contest, a motion to disqualify another lawyer, and work done with the curator. The trial court accepted the expert’s affidavit that $13,500 was a reasonable, already discounted fee. The trial court did not find the hours or the discounted rate to be unreasonable. Nevertheless, the trial court inexplicably reduced the reasonable fee by another 51%. In doing so, it abused its discretion.
 

 We therefore reverse and remand the case to the trial court to award the law firm $12,400 in attorney’s fees plus costs.
 

 Reversed and Remanded.
 

 TAYLOR, J., and SHAHOOD, GEORGE, A., Senior Judge, concur.