WELLS, Judge.
We quash the decision of the court below denying any fee award to a discharged attorney who sought to enforce a charging lien for $114,250 in fees — an amount stipulated as reasonable — following a settlement post-dating a $19,000,000 jury award. This order, while acknowledging that the petitioner/lawyer is “a fine lawyer” who conducted the initial investigation in this case and conducted “well-drafted general crashworthiness discovery,” was entitled to no fee whatsoever for his efforts because subsequent counsel had to fight long and hard before the case finally settled, thereby dwarfing petitioner’s efforts and entitling his fee request to no consideration:
After Kastor and attorney Richard Denny appeared in the case, the case was aggressively prosecuted on specific defect theories regarding skate, restraint systems, and stability. Both attorneys were active in the Firestone litigation MDL regarding Ford Explorers and knew where key witnesses and key documents were located, and how to access them. The case went to trial before Judge Piniero, resulting in a $60 million verdict overturned on appeal. The case went to trial before Judge Genden resulting in a mistrial after several weeks. The case went to trial before Judge Platzer and the parties could not secure a jury. Finally, the case went to trial before the undersigned with a nearly four week trial resulting in a verdict of $19 million which was settled post-judgment. The case was tried three times before the last verdict.
[[Image here]]
Mr. Courtney is a fine lawyer. Had the case settled earlier and easier, the Court may have considered the [attorneys’ fee] claim. It didn’t. Successor counsel and Mrs. Hall-Edwards had to fight an uphill battle for years, and Ford *545 did not surrender an inch of hill willingly. The contributions of Mr. Courtney at the commencement of this case were dwarfed by the subsequent efforts of successor counsel. Mr. Courtney’s contributions, while typical and competent at the commencement of such a case, did not proportionately contribute to the result. Mr. Courtney left the case at the earliest stages in 2001. The last verdict occurred twelve years and four trial attempts later, resulting in settlement.
Therefore the claim for quantum merit [sic] fees is respectfully denied.
We quash the order in part because a client’s desire to hire a more aggressive lawyer with greater “expertise” than the lawyer initially hired does not deprive the initially discharged attorney of entitlement to be paid for his or her work. This would make charging liens all but superfluous. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983) (“The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of the attorney. Worley v. Phillips, 264 So.2d 42 (Fla. 2d DCA 1972). Charging liens have been recognized in Florida for more than a century. See, e.g., Carter v. Davis, 8 Fla. 183 (1858); Carter v. Bennett, 6 Fla. 214 (1855); Randall v. Archer, 5 Fla. 438 (1854).”); accord Rosenthal, Levy & Simon, P.A. v. Scott, 17 So.3d 872, 874 (Fla. 1st DCA 2009). That is especially so where, as here, it appears that the subsequent “more aggressive” lawyer’s behavior needlessly prolonged the matter.[1]
That the case purportedly was an uphill battle that took many years to resolve after petitioner’s discharge also does not support denial of a fee award to petitioner. This matter was first tried in November of 2005, only four years after petitioner was discharged, and resulted in a $60,000,000 verdict in respondent’s favor. During that trial, respondent called to testify two expert witnesses that petitioner identified, interviewed and educated about this case. The reason this case was not resolved at that time (that is, at a time sufficiently close to the time of petitioner’s discharge arguably to justify a fee award to him under the trial judge’s reasoning) was not because the case involved any new or novel theory of liability as respondents assert but because the attorneys then representing respondent improperly adduced at trial similar incident evidence without laying a proper foundation, an error that resulted in nullification of the $60,000,000 verdict. See Ford Motor Co. v. Hall-Edwards, 971 So.2d 854 (Fla. 3d DCA 2007). This failure on subsequent counsel’s part cannot be laid at petitioner’s door so as to deny a fee award to him because this case did not resolve earlier.
This is certainly so in light of the fact that this matter was not brought to trial again for another six years, again not for anything petitioner did, but because under subsequent counsel’s guidance the case had gone astray:
This case appears to have gone astray after we reversed and remanded [in 2007]. Our opinion and the quoted passages from the testimony seem to reveal that at one point the plaintiff had been prepared to argue, and indeed argued, that Ford Explorers were defective regarding handling and stability characteristics. During the 2005 trial, the plaintiff bolstered these characteristics *546 through the testimony of experts who had warned Ford about the problem about “150 times.” Our reversal was not based on any new evidentiary requirement that the plaintiff lay a sufficient predicate to establish substantial similarity between this accident and the other accidents which had “killed hundreds of people.” The predicate for admissibility of similar accident evidence is not a new evidentiary requirement. We thus fail to see how these discovery disputes have now surfaced more than eleven years after the accident and three years after the first trial.
Ford Motor Co. v. Hall-Edwards, 997 So.2d 1148, 1152 (Fla. 3d DCA 2009) (citations omitted). Again, the fact that this case did not resolve earlier or easier falls squarely on subsequent counsel’s shoulders and serves no basis for denying petitioner a fee award.
As the trial court recognized, petitioner’s early efforts on respondent’s behalf were not nugatory. He interviewed witnesses, located and preserved the automobile involved in the accident, he crafted meaningful and appropriate discovery, he located, interviewed and educated two experts both of whom testified at the first trial wherein a $60,000,000 verdict was entered and one of whom testified at the fourth trial where a $19,000,000 verdict was entered. Petitioner also sent Ford a $10,000,000 demand letter.[2] Together, these actions establish that petitioner’s efforts were of some significance and entitled him to a fee award.
Lastly, we note that this case was settled after a $19,000,000 jury award and while the record does not state the amounts finally paid to respondent or to her attorneys, no argument has been made that the $114,250 that the parties stipulated to be a reasonable fee for petitioner’s efforts would in any manner be disproportionate to the amount respondent and her lawyers received.
We therefore quash the order on review and remand for entry of an award in the amount stipulated by all parties to have been a reasonable fee. Kushner v. Engelberg, Cantor & Leone, P.A., 750 So.2d 33, 35-6 (Fla. 4th DCA 1999) (confirming that even where an attorney has been terminated for cause the proper basis for compensating an attorney is “ ‘the quantum meru-it value of the services rendered less any damages which the client incurred due to the attorney’s conduct and discharge’ ” (quoting Kushner v. Engelberg, Cantor & Leone, P.A., 699 So.2d 850, 851 (Fla. 4th DCA 1997))).
Petition granted; order quashed.

. We also note that there is no claim that the amount of the fee sought by petitioner is in any manner not proportional to either the fee secured by subsequent counsel or the recovery secured by the client following settlement of a $19,000,000 jury award.

. The court was critical of this demand letter's brevity and its failure to discuss theories of liability. However, as petitioner points out, "one inconsequential letter does not support a total forfeiture of the substantial stipulated reasonable fee.”